**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000495
29-MAY-2014
07:53 AM**

NO. CAAP-12-0000495

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DENELYN EDENS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CRIMINAL NO. 11-1-0310)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Denelyn Edens ("Edens") appeals from the Judgment; Guilty Conviction and Sentence ("Judgment") filed on April 17, 2012 by the Circuit Court of the Fifth Circuit ("Circuit Court"),[1] finding Edens guilty of the offense of Obstructing Government Operations, Hawaii Revised Statutes ("HRS") § 710-1010(1)(a).[2]

---

[1]     The Honorable Edmund D. Acoba presided.

[2]     HRS § 710-1010 provides, in relevant part, that:

        (1) A person commits the offense of obstructing government operations if, by using or threatening to use violence, force, or physical interference or obstacle, the person intentionally obstructs, impairs, or hinders:

                (a)     The performance of a governmental function by a public servant acting under color of the public servant's official authority[.]

                . . . .

                (3) Obstruction of government operations is a misdemeanor.

HAW. REV. STAT. § 710-1010(1)(a) and (3) (1993 & Supp. 2013).

On appeal, Edens contends that (1) the Circuit Court erred when it failed to instruct the jury on the offense of desecration,[3/] and (2) that, absent that instruction, the jury instructions were prejudicially insufficient.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Edens's points of error as follows:

(1) "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." *State v. Pond*, 118 Hawai'i 452, 461, 193 P.3d 368, 377 (2008) (quoting *State v. Nichols*, 111 Hawai'i 327, 335, 141 P.3d 974, 982 (2006)) (internal quotation marks omitted). Here, the Circuit Court instructed the jury on the choice of evils defense. Edens, however, argues that the instructions were insufficient because the Circuit Court declined to further instruct the jury on the offense of desecration. We disagree.

We conclude, under the circumstances of this case, that the Circuit Court did not err in instructing the jury on the choice of evils defense without also instructing the jury on the offense of desecration because (a) the choice of evils defense does not require that the greater harm or evil to be avoided be criminal in nature, *see, e.g.*, *State v. Jim*, 105 Hawai'i 319, 328-29, 97 P.3d 395, 404-05 (App. 2004) (harm or evil was the alleged improper administration of the Hawaiian Home Commission Act); (b) the evidence indicated that the State's actions were authorized and there was no evidence to the contrary to suggest that the State's actions constituted desecration, *State v.*

---

[3/]    Edens proposed that the jury be instructed as follows:

A person commits the offense of desecration if the person intentionally desecrates a burial.

"Desecrate" means defacing, damaging, polluting, or otherwise physically mistreating in a way that the defendant knows will outrage the sensibilities of persons likely to observe or discover the defendant's action.

*Padilla*, 114 Hawai'i 507, 515-16, 164 P.3d 765, 773-74 (App. 2007) (holding that defendant suffered no prejudice from the circuit court's refusal to give instructions on other defenses, when defense was adequately covered by choice of evils instruction); and (c) instructing the jury on the crime of desecration would likely have served to mislead or confuse the jury, see *State v. Keohokapu*, 127 Hawai'i 91, 113, 276 P.3d 660, 682 (2012). Thus, the Circuit Court properly refused to give the proposed instruction on the offense of desecration.

(2) For the reasons expressed above, the Circuit Court's instructions were not prejudicially insufficient.

Therefore,

The Judgment; Guilty Conviction and Sentence filed on April 17, 2012 in the Circuit Court of the Fifth Circuit is affirmed.


DATED: Honolulu, Hawai'i, May 29, 2014.


On the briefs:

Mark R. Zenger
for Defendant-Appellant.

John H. Murphy,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3